**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAMIEN ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>Defendants. | Case No. 24-cv-3663 (JMC) |

**ORDER**

Damien Anderson, proceeding pro se, challenges Defendant National Credit Union Administration (NCUA)'s response to his October 16, 2024 Freedom of Information Act (FOIA) request. The NCUA granted Anderson's request in part, releasing responsive records with redactions under FOIA exemptions 5 U.S.C. § 552(b)(6), which protects personnel files when disclosure "would constitute a clearly unwarranted invasion of personal privacy," and (b)(8), which shields various reports prepared by or for "an agency responsible for the regulation or supervision of financial institutions." *See* ECF 14 at 9; ECF 17 at 4. The NCUA moves to dismiss or, alternatively, for summary judgment based on Anderson's failure to exhaust administrative remedies and on the asserted adequacy of its search. ECF 15. Anderson's opposition appears to reframe the issue as a challenge to the NCUA's invocation of the (b)(8) exemption to partially redact a single document. ECF 17 at 1, 4; *see also* ECF 18 at 2. While maintaining its principal arguments, the NCUA in its reply also offers to provide a declaration explaining the harm that supports its invocation of the (b)(8) exemption. ECF 18 at 3. Because there is some ambiguity in the timeline of Anderson's filings and the NCUA's correspondence with him and because Anderson

no longer challenges the adequacy of the NCUA's search, the NCUA's motion to dismiss is **DENIED**, and its alternative motion for summary judgment is **DENIED** as moot.[1]

On October 16, 2024, Anderson sent the NCUA a FOIA request seeking insurance information regarding Vons Employees Federal Credit Union. *See* ECF 14 ¶¶ 2, 4. The NCUA received the request on October 30, 2024. *See id.* at 9. The agency, therefore, had until November 29, 2024, to respond to Anderson's request before he was considered to have constructively exhausted his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(A)(i), (C)(i). The NCUA responded in a letter dated November 27, 2024, disclosing responsive records with redactions. ECF 14 at 9. However, that response allegedly did not reach Anderson until December 27, 2024.[2] ECF 14 at 1. By that time, Anderson had seemingly already placed his complaint in the mail system of the prison where he was incarcerated. *See id.* at 13 ("I received [the NCUA's letter] after the Complaint was sent[.]"). Anderson's complaint was signed and dated December 22, 2024. ECF 1 at 3. It was accompanied by a sworn declaration stating that Anderson had placed the complaint in the prison mail system in a "postage prepaid envelope addressed" to the Clerk of this Court. *Id.* at 4. In what was perhaps an error, that declaration was dated November 22, 2024. *Id.* The complaint was docketed on December 31, 2024. ECF 14 at 15.

---

[1] All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] In deciding a motion to dismiss, the Court "consider[s] only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court nevertheless observes that a declaration submitted by the NCUA's associate general counsel further explains the timeline of this delay. ECF 15-2. The NCUA first sent its response to the prison where Anderson was located on December 2, 2024. *Id.* ¶ 8; *see also* ECF 14 at 13. However, the facility refused to accept the NCUA's letter because it was sent by Federal Express, rather than via the United States Postal Service (USPS). ECF 15-2 ¶¶ 8–9. The NCUA sent its response again on December 10, 2024, this time by USPS certified mail. *Id.* ¶ 10. The mail was received at the prison P.O. Box listed as Anderson's address on December 16, 2024. *Id.* ¶ 11. Even if the Court were to consider these facts, they would not change the Court's conclusion at this stage when Anderson has alleged that the NCUA's response did not actually reach him until December 27, 2024. ECF 14 at 1, 13.

"A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days," unless the agency responds "before the requester files suit." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003). Given the messy timeline, the Court finds that it is at least plausible that Anderson filed his complaint by placing it in the prison mail system after the NCUA's statutory response deadline had passed but before receiving the agency's response. *See Owlfeather-Gorbey v. Avery*, 119 F.4th 78, 86–87 (D.C. Cir. 2024). Accordingly, the NCUA's motion to dismiss is **DENIED**.

Anderson's opposition to the NCUA's motion concedes that the material he seeks is "in the information" he requested on October 16, 2024; the problem, he now maintains, is that "the information needed" has been redacted under FOIA exemption (b)(8). ECF 17 ¶¶ 6–7. Because Anderson no longer challenges the adequacy of the NCUA's search, its alternative motion for summary judgment is **DENIED** as moot.

The NCUA may move for summary judgment on the merits of its invocation of the (b)(8) exception. Denial of this motion to dismiss is without prejudice to the NCUA's ability to raise the administrative-exhaustion issue again in its motion for summary judgment.

* * *

For the foregoing reasons, it is **ORDERED** that Defendant's motion to dismiss is **DENIED**, and it is further

**ORDERED** that Defendant's alternative motion for summary judgment is **DENIED** as moot.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: October 22, 2026